United States District Court
Southern District of Texas
FILED

SEP 23 1999

Michael N. Milby, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| RUFUS LOPEZ BARELA, § | |
| Petitioner, § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. B-97-89 |
| GARY L. JOHNSON, DIRECTOR, § | |
| TEXAS DEPARTMENT OF CRIMINAL § | |
| JUSTICE, INSTITUTIONAL DIVISION, § | |
| Respondent. § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Rufus Lopez Barela, (Petitioner) filed a 28 U.S.C. §2254 petition for a writ of habeas corpus. Petitioner asserts two grounds for relief: (1) altered evidence was admitted and used against him during his trial, and (2) his counsel was ineffective because counsel failed to preserve error in the charge and failed to suppress prejudicial evidence. Because Petitioner's claims are procedurally barred, the petition should be DENIED, and Respondent's Motion for Summary Judgment should be GRANTED.

### BACKGROUND

Petitioner was found guilty of two counts of sexual assault and sentenced to ninety-seven years imprisonment. *The State of Texas v. Rufus Lopez Barela,* Cause No. 87-CR-54-B, Transcript at 34-37. The Thirteenth Court of Appeals affirmed Petitioner's conviction. *Barela v. State,* No. 12-87-182-CR, slip op. Petitioner did not file a petition for discretionary review with the Texas Court of Criminal Appeals.

Petitioner filed three state habeas petitions. The Texas Court of Criminal Appeals granted the first petition to the extent that it reformed the judgment to reflect the conviction for aggravated sexual assault, deleted all references to "2 counts," and deleted references to the jury's verdict as to "Count 2." *Ex pate Barela,* No. 70 464 (Application No. 18,810-01) at slip op. The Texas Court of Criminal Appeals denied Petitioner's second and third petitions. *Ex parte Barela,*

1

Application No. 18,810-03 at cover, *Ex parte Barela,* Application No. 18,810-04 at cover.

Petitioner filed an application for a federal writ of habeas corpus pursuant to 28 U.S.C. §2254, and asserts that he is entitled to relief on the following grounds:

1. Petitioner was denied his Sixth Amendment right to a fair trial and Fourteenth Amendment right to due process when evidence in the custody of the state, specifically the victim's panties, were altered and used against him at trial.

2. Petitioner was denied his Sixth Amendment right to effective assistance of counsel when trial counsel:

    A. Failed to preserve error in the charge by neglecting to request a definition of "without the consent of the person"; and

    B. Failed to suppress the knife used during the rape.

Respondent has moved for summary judgment on the grounds that the issues Petitioner has raised are procedurally barred.

## STANDARD OF REVIEW

Summary judgment is proper when the pleadings and evidence show no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c); *Coleman v. Houston Independent School District,* 113 F.3d 528, 533 (5th Cir.1997).

The burden for Summary Judgment is initially on the moving party. *Lindsey v. Sears Roebuck and Company,* 16 F.3d 616, 618 (5th Cir. 1994). Once the movant has met this burden, it then shifts to the nonmovant to show that summary judgment is inappropriate. *Duckett v. City of Cedar Park,* 950 F.2d 272, 276 (5th Cir.1992). Summary judgment evidence is viewed in the light most favorable to the party opposing the motion. *Rosado v. Deters,* 5 F.3d 119, 123 (5th Cir.1993).

Moreover, as this habeas petition was filed on April 24, 1997, it is subject to review under the amendments to the 1996 Antiterrorism and Effective Death Penalty Act (AEDPA). *Spotsville v. Cain,* 149 F.3d 374, 375-76 (5th Cir. 1998).

The AEDPA provides that a party may not obtain federal habeas corpus relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication

of the claim–

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. §2254(d).

Moreover, a determination of a factual issue made by a State court shall be presumed to be correct. 28 U.S.C. §2254(e)(1).

## ANALYSIS

### I. Altered Evidence

Petitioner asserts that he was denied his Sixth Amendment right to a fair trial and his Fourteenth Amendment right to due process when evidence in the custody of the state, specifically the victim's panties, were altered and used against him at trial. (Brief in Support of Application for Post-Conviction Writ of Habeas Corpus at 9).

Respondents reply that under *Coleman v. Thompson*, this complaint is procedurally barred. *Coleman v. Thompson*, 501 U.S. 722 (1991).

In *Coleman*, the Supreme Court held that federal review of a claim is procedurally barred if the last state court to consider the claim based the denial of relief on a state procedural default. *Coleman*, 501 U.S. at 729. The court also held that a prisoner may obtain review under these circumstances only when they can show either cause for the default and actual prejudice, or that the court's failure to consider the claim will cause a miscarriage of justice. *Id.*, *Sawyer v. Whitley*, 505 U.S. 333, 338-40 (1992).

Under Texas law, the contemporaneous objection rule requires a party to make a timely objection in order to preserve a complaint for appellate review. *Amos v. Scott*, 61 F.3d 333, 337, 338 n.9 (5th Cir. 1995), TEX.R.APP.P. 52(a) (1994).

The Fifth Circuit has held that the contemporaneous objection rule is an independent state ground which procedurally bars federal habeas review. *Sharp v. Johnson*, 107 F.3d 282, 285-86 (5th Cir. 1997).

Here, the Thirteenth Court of Appeals found that Petitioner waived his complaint

3

regarding the torn panties because Petitioner did not object to their admission or use at trial. *Ex Parte Barela*, Application No. 18,810-04 at 100.

As such, the Court of Appeals denied the claim based on the contemporaneous objection rule. Thus, under *Amos*, the denial of the claim was based on independent state grounds. *Amos*, 61 F.3d at 337, 338 n.9. Consequently, under *Coleman*, Petitioner's §2254 petition is barred. *Coleman*, 501 U.S. at 729. Moreover, Petitioner has not argued either cause and prejudice or a miscarriage of justice.

Therefore, Respondent's Motion for Summary Judgment should be GRANTED, and Petitioner's §2254 Request for Habeas Corpus Relief should be DENIED.

## II. Ineffective Assistance of Counsel

Petitioner asserts that he was denied effective assistance of counsel because counsel failed to preserve error in the jury charge and failed to suppress critical evidence.

To demonstrate ineffective assistance of counsel, a petitioner must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To show deficient performance, petitioner must show that counsel failed to render reasonably effective assistance. *Strickland*, 466 U.S. at 687. To demonstrate prejudice, a petitioner must show that but for trial counsel's unprofessional errors, there is a reasonable probability that the result of the proceeding would have been different. *Id.* at 694.

Additionally, a reviewing court is required to presume that counsel has rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690. Furthermore, courts must be highly deferential to counsel's conduct. *Id.* at 689.

### A. Failure to Preserve Error

Petitioner alleges that trial counsel was ineffective for failing to preserve error in the charge. (Brief in Support at 2). Specifically, Petitioner asserts the charge should have included a definition of "without the consent of the person." (Brief in Support at 3,5.)

Here, the court of appeals found that the definition should have been included, and that trial counsel failed to properly preserve the error. *Barela v. State*, No. 13-87-182-CR, slip op. At

4

2-3. Because such findings must be taken as true, it follows that counsel did not render "reasonably effective assistance." Thus, counsel's performance was deficient, and Petitioner has met the first prong of the *Strickland* test. *Strickland,* 466 U.S. at 687.

However, the appellate court also found that the absence of the definition would not have mislead the jury. *Barela v. State*, No. 13-87-182-CR, slip op. at 4. As such, it is unlikely that the outcome would have been different even if Petitioner's counsel had requested the definition. Thus, Petitioner cannot show prejudice. Because Petitioner cannot meet both prongs of the *Strickland* test, his argument that he received ineffective assistance of counsel because error was not preserved must fail. *Id.*

### B. Failure to Move to Suppress

Petitioner next asserts that counsel was ineffective because counsel failed to suppress the knife used during the rape. (Brief in Support at 3).

Here, the district court found that Petitioner was not "prejudiced," for purposes of *Strickland,* as a result of counsel's failure to move to suppress the knife. *Ex Parte Barela,* Application No. 18,810-04 at 100, *Strickland,* 466 U.S. at 687. As such findings are presumed true, Petitioner cannot pass the second prong of the *Strickland* test. *Id.* Thus, Petitioner cannot pass both prongs of the *Strickland* test, and his argument that he received ineffective assistance of counsel because his attorney did not move to suppress the knife fails. *Id.*

Because neither of Petitioner's arguments can pass the *Strickland* test, the state court's determination that Petitioner received effective assistance of counsel was not "in conflict with clearly established federal law, nor based on an unreasonable determination of the facts in light of the evidence." *Id,* 28 U.S.C. §2254(d). Therefore, Respondent's Motion for Summary Judgment should be GRANTED, and Petitioner's §2254 Request for Habeas Corpus Relief should be DENIED.

## RECOMMENDATION

For the reasons set forth above, Petitioner's 28 U.S.C. §2254 Petition for Habeas Corpus Relief on the grounds of alteration of evidence and ineffective assistance of counsel should be DENIED, and Respondent's Motion for Summary Judgment should be GRANTED.

A party's failure to file written objections to the proposed findings, conclusion, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Automobile Association*, 79 F.3d 1415, 1418 (5th Cir. 1996).

DONE at Brownsville, Texas this 23d day of September, 1999.

_____
Felix Recio
United States Magistrate Judge

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RUFUS LOPEZ BARELA,<br>Petitioner, | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. B-97-89 |
| GARY L. JOHNSON, DIRECTOR,<br>TEXAS DEPARTMENT OF CRIMINAL<br>JUSTICE, INSTITUTIONAL DIVISION,<br>Respondent. | §<br>§<br>§<br>§ | |

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Magistrate Judge's Report and Recommendation on the above-referenced cause of action. After a de novo review of the entire file, it is the opinion of this Court that the Magistrate Judge's Report and Recommendation of September 23, 1999 be adopted. Furthermore,

Petitioner's 28 U.S.C. §2254 Petition is hereby DENIED, and

Respondent's Motion for Summary Judgment is hereby GRANTED.

DONE in Brownsville, Texas on this _____ day of _____, 1999.

_____
Filemon B. Vela
United States District Judge

7